1  JACKSON & ASSOCIATES, INC.
   Robert J. Jackson, Esq., SBN 53809
2  Scott J. Jackson, Esq., SBN 219157
3  4199 Campus Drive, Suite 700
   Irvine, CA 92612
4  Tel: (949) 854-2244/ Fax: (949) 892-1327
   rjackson@jandalegal.com
5
6  WRIGHT, FINLAY & ZAK, LLP
   Robin Prema Wright, Esq. SBN 150984
7  Darlene C. Vigil, Esq. SBN 223442
   Neil M. Sholander, Esq. SBN 225894
8  4665 MacArthur Court, Suite 280
9  Newport Beach, CA 92660 (Taylor/Pleadings/RJN)
   Tel: (949) 477-5050/Fax: (949) 477-9200
10 rwright@wrightlegal.net

11 Attorneys for Plaintiff and Moving Party,
12 LASALLE BANK, N.A. as Trustee

13              UNITED STATES DISTRICT COURT

14    CENTRAL DISTRICT OF CALIFORNIA- WESTERN DIVISION- LOS ANGELES

15
   LASALLE BANK, N.A. as Trustee,          ) Case No.:  CV 08-4769-FMC-(AGRx)
16                                          ) Hon. Florence-Marie Cooper
                                            )
17              Plaintiff,                  )
         vs.                                ) NOTICE OF MOTION AND MOTION TO
18                                          ) REMAND CASE AND REQUEST FOR
   STEPHEN TAYLOR                           ) ATTORNEYS FEES AND COSTS;
19 and DOES 1 through 100, inclusive,       ) MEMORANDUM OF POINTS AND
                                            ) AUTHORITIES IN SUPPORT THEREOF;
20              Defendants.                 ) DECLARATION OF DARLENE VIGIL IN
21                                          ) SUPPORT OF MOTION
                                            )
22                                          ) *[Filed Concurrently With Request for Judicial*
23                                          ) *Notice]*
                                            )
24                                          ) DATE:     September 8, 2008
                                            ) TIME:     10:00 a.m.
25                                          ) COURTROOM: 750
                                            )
26                                          )
27                                          )

28

                                    1

1    TO THE HONORABLE FLORENCE-MARIE COOPER, DEFENDANT STEPHEN

2    TAYLOR, IN PRO SE, ALL INTERESTED PARTIES AND TO THEIR COUNSEL OF

3    RECORD, IF ANY:

4         PLEASE TAKE NOTICE that on September 8, 2008, at 10:00 a.m., or as soon thereafter

5    as the matter may be heard in Courtroom 750 of the above-entitled court, located at 312 N.

6    Spring Street, Los Angeles, CA 90012, Plaintiff LASALLE BANK, N.A. as Trustee

7    ("Plaintiff") will move this Court for an order remanding this case to the Superior Court of the

8    State of California, County of Los Angeles, Compton Judicial District, and for an award of

9    reasonable attorney's fees and costs in the amount of $2,687.50.

10        The motion is made on the grounds that there is no federal subject matter jurisdiction in

11   this action and substantial defects in Defendant STEPHEN TAYLOR's ("Taylor") removal

12   procedure.  Plaintiff is entitled to an award of attorneys fees pursuant to 28 U.S.C. § 1447(c) as

13   this action was improperly removed to frustrate and otherwise seek to impede Plaintiff's ability

14   to recover possession of real property which it lawfully owns.  Simply put, this is an unlawful

15   detainer action involving only the issue of possession of real property located in Los Angeles

16   County, which has been improperly removed to this Court by Defendant Taylor.

17        This motion is based on this Notice of Motion and Motion, the Memorandum of Points

18   and Authorities and Declaration of Darlene Vigil attached hereto in support of the motion, the

19   Request for Judicial Notice filed concurrently herewith and the pleadings and papers on file in

20   this action.

21        THEREFORE, Plaintiff moves, as follows:

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

NOTICE OF MOTION AND MOTION TO REMAND CASE

1        1.      For an order by this Court remanding this case to the Superior Court of the State

2 of California, County of Los Angeles, Compton Judicial District, and for an award of reasonable

3 attorneys' fees and costs in the amount of $2,687.50.

4                                           Respectfully submitted,

5 Dated: August 1, 2008                     Wright, Finlay and Zak, LLP

6                           By:    */s/ Robin Prema Wright*

7                                   Robin Prema Wright, Esq.
                                  Attorneys for Plaintiff

8                                   LASALLE BANK, N.A. as Trustee

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

I. INTRODUCTION

3

Plaintiff seeks an order remanding this case back to the Superior Court of the State of

4

California for the County of Los Angeles – Compton Judicial District, from where it was

5

improperly removed by Defendant Stephen Taylor ("Taylor"), for lack of federal subject matter

6

jurisdiction and substantial defects in Taylor's removal procedure, specifically, defects in the

7

form and content of Taylor's removal notice.

8

The facts of this case are straight-forward. This is a residential unlawful detainer after a

9

non-judicial foreclosure sale. In or about October, 2006, Taylor executed a deed of trust

10

encumbering the real property commonly known as, 21813 S. Embassy Ave., Carson California

11

90810 ("Property").[1] The deed of trust was recorded in the Official Records of Los Angeles

12

County, State of California on October 27, 2006, as Instrument Number 06-2389871 (the "Deed

13

of Trust").[2] On or about June 26, 2008, the trustee or successor trustee under the Deed of Trust,

14

conducted a trustee's sale of the Property ("Sale") and the Property reverted to Plaintiff.[3] The

15

Sale was held in accordance with Section 2924 of the California Civil Code under a power of

16

sale clause contained in the Deed of Trust.[4] Plaintiff's title to the Property was duly perfected by

17

recordation of the Trustee's Deed upon Sale in the Official Records of Los Angeles County on

18

June 26, 2008, as instrument number 08-1138785.[5] Plaintiff is the lawful owner of the Property.

19

On July 15, 2008, Plaintiff filed an Unlawful Detainer action against Taylor and Does 1

20

through 100, in the Los Angeles County Superior Court – Compton Judicial District, Case No.

21

08Q01360 (the "State Court Action").[6] In the State Court Action, Plaintiff seeks to recover

22

possession of the Property and holdover damages at the rate of $22.00 per day commencing on

23

July 11, 2008.[7] Essentially, Plaintiff's holdover damage request is less than $500. On July 21,

24

25

[1] See, Complaint attached as Exhibit "1" to the Request for Judicial Notice ("RJN") filed concurrently herewith and
26 incorporated herein by reference as though set forth in full, ¶ 4A.
[2] Id.
27 [3] Id., ¶ 4B.
[4] Id.
28 [5] Id. ¶ ¶ 4B-5.
[6] See, RJN, Exhibit "1."
[7] Id., ¶¶ 3, 10.

4

1   2008, Taylor filed a Petition for Removal in this Court.[8]  A true and correct copy of Taylor's

2   Petition for Removal ("Petition") filed in this Court is attached as Exhibit "2" to the Request for

3   Judicial Notice filed concurrently herewith.

4          A review of Taylor's removal paperwork reveals that it is totally defective in form and

5   content. Rather than contain a short and plain statement of the grounds for removal, the Petition

6   consists of incoherent, confusing and conclusory statements, completely lacking any short and

7   plain statement of the grounds for removal. Based on Taylor's confusing and totally deficient

8   paperwork, this Court should remand this case to the State Court outright.

9          As set forth above, the instant action involves the issue of rightful possession of

10  residential property after a foreclosure sale. The face of the Complaint identifies one cause of

11  action for unlawful detainer.[9]  The action presents no federal question and no basis for federal

12  jurisdiction. Since this action is more properly the subject of state court litigation, it is clear that

13  Taylor's attempt to litigate in federal court is a farce, designed solely to harass the Plaintiff, and

14  cause it to incur further litigation costs.

15         Accordingly, this action is properly subject to a motion to remand and an award of

16  reasonable attorneys' fees and costs.

17  II.  THIS ACTION SHOULD BE REMANDED TO THE STATE COURT BECAUSE

18        THERE ARE NO GROUNDS FOR FEDERAL SUBJECT MATTER JURISDICTION.

19         As a general matter, federal courts have subject matter jurisdiction over civil actions

20  arising under the Constitution, laws, or treatises of the United States.[10]  A defendant may remove

21  to federal court any action over which the federal court would have had original subject matter

22  jurisdiction.[11]

23         Federal question jurisdiction extends to those cases in which a well-pleaded complaint

24  establishes either that: (1) federal law creates the cause of action; or (2) the plaintiff's right to

25

26  _____

27  [8] A true and correct copy of Taylor's Petition of Removal is attached as Exhibit "2" to the RJN and incorporated
   herein by reference as though set forth in full.

28  [9] See, RJN, Exhibit "1."
   [10] *United States v. Alisal Water Corp.*, 431 F.3d 643, 650 (9th Cir. 2005).
   [11] 28 U.S.C. § 1441.

5

1   relief necessarily depends on a resolution of a substantial question of federal law.[12] *The presence*

2   *or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which*

3   *provides that federal question jurisdiction exists only when a federal question is presented on the*

4   *face of the plaintiff's properly pleaded complaint.*[13]  The federal question must be disclosed upon

5   the face of the complaint, unaided by the answer or by the petition for removal.[14]  The existence

6   of a defense based on federal law, however, is insufficient to support jurisdiction, even if both

7   parties agree that the federal defense is the only question truly at issue.[15]

8        In addition, the removal statute is strictly construed against removal jurisdiction, and the

9   burden of establishing federal jurisdiction falls on the party invoking the statute.[16]  *The propriety*

10  *of removal is determined solely on the basis of pleadings filed in state court, i.e. by looking "to*

11  *the complaint at the time the removal petition was filed."*[17]

12       Remand may be ordered either for lack of subject matter jurisdiction or for "any defect in

13  the removal procedure."[18]  In the Petition, Taylor makes specious claims of alleged violations of

14  the Consumer Credit Protection Act[19] ("CCPA") and the Civil Rights Act.[20]  Taylor then

15  generally alleges that the amount in controversy is "in excess of $500,000.00."[21]  Interestingly,

16  Taylor acknowledges that the underlying Complaint does not allege any cause of action

17  involving the CCPA[22] or the Civil Rights Act.[23]  In addition, Taylor acknowledges that the

18  amount in controversy set forth in the Complaint is less than $25,000.[24]  Essentially, Taylor has

19  removed the State Court Action to this Court based upon his alleged defenses to the Complaint.

20  *However, it is well established that removability cannot be created by defendant pleading a*

21

22

23  [12] *Federal Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S.Ct. 2841 (1983).
    [13] *Wayne v. DHL Worldwide Express*, 294 F.3d. 1179, 1183 (9th Cir. 2002)

24  [14] *Gully v. First Nat. Bank*, 299 U.S. 109, 113, 57 S.Ct. 96 (1936)
    [15] *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002)

25  [16] *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).
    [17] *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979).

26  [18] 28 U.S.C. § 1447(c); *Buckner v. FDIC*, 981 F.2d 816, 820 (5th Cir. 1993)
    [19] See, RJN, Exhibit "2" at ¶ 3, Ln 22-23.

27  [20] See, RJN, Exhibit "2" at ¶ 11.
    [21] See, RJN, Exhibit "2" at ¶ 8, Ln. 8.

28  [22] See, RJN, Exhibit "2" at ¶ 3, Ln. 23.
    [23] See, RJN, Exhibit "2" at ¶ 12.
    [24] See, RJN, Exhibit "2" at ¶ 8.

6

1   *counter-claim presenting a federal question* [25]  In this case, the face of Plaintiff's Complaint

2   contains no federal question, and removal cannot be based solely on allegations of alleged

3   violations of the CCPA, the Civil Rights Act or any other alleged defenses raised by Taylor.

4       Additionally, state law prohibits a defendant, such as Taylor, from adding unrelated

5   claims to an unlawful detainer action. "The summary character of [an unlawful detainer] action

6   would be defeated if, by cross-complaint or counterclaim, issues irrelevant to the right of

7   immediate possession could be introduced."[26] In addition, federal courts do not have jurisdiction

8   to adjudicate title or interests in real property unless the United States claims an interest.[27] In

9   this case, the United States is not a party to the action filed by Plaintiff, and it claims no interest

10  in the Property.

11      Since removal cannot be based on the reasons alleged by Taylor, and since state law

12  prohibits his claims from being attached to the underlying eviction proceeding, Plaintiff's motion

13  to remand this case back to the state court should be granted.

14  III.    THIS ACTION SHOULD BE REMANDED TO THE STATE COURT DUE TO

15          DEFECTS IN DEFENDANT'S REMOVAL PROCEDURE.

16      The procedures for properly removing an action from State Court to Federal Court are set

17  forth in 28 U.S.C. § 1446. As set forth in the statute, a defendant must comply with these

18  procedures in order to invoke federal removal jurisdiction. Specifically, 28 U.S.C. 1446(a)

19  provides that a defendant must file with the district court a notice of removal, "containing a short

20  and plain statement of the grounds for removal." This Taylor has failed to do. Rather than file a

21  short and plain statement as required, Taylor filed a confusing, conclusory and completely

22  deficient pleading under the guise of a notice of removal. Based on this defect alone, this action

23  should be remanded to the State Court.

24  ///

25  ///

26  ///

27

28  [25] *Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985)
    [26] *Glendale Fed. Bank v. Hadden*, 73 Cal.App.4th 1150, 87 Cal.Rptr.2d 102, 104 (Cal.App.4.Dist. 1999)

7

IV.  PLAINTIFF IS ENTITLED TO RECOVER ITS ATTORNEY FEES AND COSTS INCURRED AS A RESULT OF FILING THIS MOTION TO REMAND

On granting a motion for remand, the federal court may order the defendant to pay plaintiff its "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[28]  The statutory purpose is to deter the possibility of abuse, unnecessary expense and harassment if a defendant removes improperly. [29]  In this case, there is no basis for federal subject matter jurisdiction.  Clearly established state and federal law unequivocally prohibit removal under the circumstances of this case.  Moreover, Taylor's removal action has frustrated the summary nature of the unlawful detainer action against him and has forced the prolonged expenditure of resources in both state and federal court.  Plaintiff respectfully submits that Taylor filed the removal to this Court for one purpose: cause unnecessary delay and otherwise seek to impede Plaintiff's rights to recover possession of real property, which it lawfully owns. As such, Plaintiff respectfully requests that it be allowed to recover its reasonable fees and costs incurred in filing this motion for remand.

V.  CONCLUSION

Based on the foregoing, it is clear that Taylor's removal of this action to the Federal Court is improper.  It is patently clear that this tactic was designed by Taylor to harass Plaintiff and cause Plaintiff unnecessary delay in recovering possession of its real property.

///
///
///
///
///
///

---

[27] 28 U.S.C. § 2409a; *Leisnoi, Inc. v. United States,* 170 F.3d 1188, 1992 (9th Cir. 1999)
[28] 28 U.S.C. § 1447(c); *Morris v. Bridgestone/Firestone, Inc.,* 985 F.2d 238, 240. (6th Cir. 1993)
[29] *Circle Industries USA, Inc. v. Parke Const. Group, Inc.,* 183 F.3d 105, 109. (2nd Cir. 1999).

8

1    Accordingly, this motion to remand should be granted and Plaintiff allowed to recover its

2    reasonable attorney fees and costs incurred in filing this motion for remand in the amount of

3    $2,687.50.

4                                                    WRIGHT, FINLAY & ZAK, LLP

5    Dated: August 1, 2008          By:        /s/ Robin Prema Wright
                                                Robin Prema Wright, Esq.
6                                               Attorneys for Plaintiff
7                                               LASALLE BANK, N.A. as Trustee

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

NOTICE OF MOTION AND MOTION TO REMAND CASE

## DECLARATION OF DARLENE VIGIL IN SUPPORT OF MOTION

I, Darlene C. Vigil, declare:

1.      I am an attorney at law, duly licensed to practice before all courts of the State of California, and am associated with the law firm of Wright, Finlay & Zak, LLP, attorneys of record for Plaintiff LASALLE BANK, N.A., as Trustee ("Plaintiff).

2.      I have personal knowledge of each of the facts set forth in this Declaration, and could testify to each fact set forth herein, if called and duly sworn by this Court.

3.      I make this Declaration in support of Plaintiff's Motion to Remand Case and Request for Attorney Fees and Costs (the "Motion").

4.      On July 29, 2008, at approximately 5:06 p.m. and again, on July 31, 2008 at 3:42 p.m., I telephoned Defendant Stephen Taylor by dialing (562) 212-7647 to meet and confer in an effort to reach an amicable resolution prior to filing the Motion. Upon dialing (562) 212-7647, I reached a recording requesting that I leave a message. In response, I left detailed voicemail messages for Mr. Taylor advising that our office represented Plaintiff and that I was calling to meet and confer prior to filing the Motion. I further advised Mr. Taylor that our office intended to file on August 1, 2008, a Motion to Remand the case back to the Los Angeles County Superior Court and, further, Plaintiff's position that the removal was improperly filed. I also advised Mr. Taylor of Plaintiff's intention to seek attorneys fees and costs incurred in connection with the Motion. In addition, I asked Mr. Taylor to return each of my telephone calls.

5.      As of the time of signing this Declaration, I have received no return communication from Taylor.

6.      Our office spent 4.5 hours preparing this motion to remand at a billing rate of $215.00, for a total of $967.50. I also anticipate an additional eight hours to prepare a reply to Defendant's opposition and to attend the hearing on the motion. Accordingly, an additional $1,720.00.00 will be incurred, for a total amount of fees of $2,687.50.

7.      Therefore, Plaintiff also respectfully requests that the Court award Plaintiff its reasonable attorneys fees in the sum of $2,687.50 plus costs incurred in filing the Motion.

10

1         I declare under penalty of perjury under the laws of the United States of America that the

2   foregoing is true and correct. This Declaration is executed on this 31st day of July, 2008 at

3   Newport Beach, California.

4                                        */s/ Darlene C. Vigil*
                                        Darlene C. Vigil, Declarant

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

NOTICE OF MOTION AND MOTION TO REMAND CASE

1

**PROOF OF SERVICE**

2

I, Gretchen Grant, declare as follows:

3

4   I am employed in the County of Orange, State of California. I am over the age of
eighteen (18) and not a party to the within action. My business address is 4665 MacArthur

5   Court, Suite 280, Newport Beach, California 92660. I am readily familiar with the practices of
Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with

6   the United States Postal Service. Such correspondence is deposited with the United States
Postal Service the same day in the ordinary course of business.

7

8   On August 1, 2008, I served the within **NOTICE OF MOTION AND MOTION TO
REMAND CASE AND REQUEST FOR ATTORNEYS FEES AND COSTS;**

9   **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;
DECLARATION OF DARLENE VIGIL IN SUPPORT OF MOTION** on all interested

10  parties in this action as follows:

11
        [X]      by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s)
12  addressed as follows:

13
        Stephen Taylor
14      21813 S. Embassy Ave.
        Carson, CA 90810
15

16  [ X ]   (BY MAIL SERVICE) I placed such envelope(s) with postage thereon fully prepared, to
        be deposited in the U.S. Mail at Newport Beach, California, to the aforementioned
17      addressee(s).

18  [ ]     (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 477-9200,
        complied with California Rules of Court, Rule 2003, and no error was reported by the
19      machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to
20      print a transmission record of the transmission.

21  [ ]     (BY FEDERAL EXPRESS - NEXT DAY DELIVERY) I placed true and correct copies
        of thereof enclosed in a package designated by Federal Express with the delivery fees
22      provided for.
23

24      I declare under penalty of perjury under the laws of the State of California and the
United States of America that the foregoing is true and correct.
25

        Executed on August 1, 2008, at Newport Beach, California.
26

27      _Gretchen Grant_
28      Gretchen Grant

---

1

PROOF OF SERVICE